UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY PAUL VIOLETTE, | ) |
| Plaintiff | ) ) ) |
| v. | ) 1:17-cv-27-DBH ) |
| NORTHERN MAINE REGIONAL REENTRY CENTER, et al., | ) ) ) ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Gregory Paul Violette, a former participant in the reentry program administered by Volunteers of America Northern New England, at its Northern Maine Regional Reentry Center, alleges his federal rights were violated when a safety officer, Mr. Ripley, opened Plaintiff's legal mail.  (Complaint, ECF No. 1.)  Plaintiff has also filed a motion to compel the disclosure of the address of certain individual defendants, and a motion for leave to file an addendum.[1]  (Motion to Compel, ECF No. 5; Motion for Leave, ECF No. 6.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 8.)   In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

---

[1] Neither of Plaintiff's motions, if granted, would modify Plaintiff's substantive allegations.

1

Following a review of the complaint in accordance with 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

### STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines" that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint

2

may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS[2]

Plaintiff alleges that while he was a participant in the reentry program conducted by Volunteers of America Northern New England at its Northern Maine Regional Reentry Center, Mr. Ripley opened Plaintiff's outgoing legal mail. The mail (a "box and package") was addressed to Plaintiff's attorney. According to Plaintiff, he told Mr. Ripley the mail was legal mail, but Mr. Ripley nevertheless opened it.

Plaintiff has joined Mr. Ripley, Ms. Francis, a program manager, the United States Department of Justice, the Federal Bureau of Prisons, Volunteers of America Northern New England, and the Northern Maine Regional Reentry Center as defendants. Plaintiff alleges the defendants other than Mr. Ripley failed to train Mr. Ripley.

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). In this case, Plaintiff, a Maine citizen, has

---

[2] The facts set forth herein are derived from Plaintiff's complaint.

asserted a claim against a group of proposed defendants that includes at least two citizens of Maine (Mr. Ripley and Ms. Francis). Plaintiff thus has not alleged the diversity of citizenship necessary for diversity jurisdiction. 28 U.S.C. § 1332. Given the lack of diversity jurisdiction, in the absence of any cognizable federal claim, this Court lacks subject matter jurisdiction over Plaintiff's claim.

Plaintiff evidently attempts to invoke this Court's federal question jurisdiction by alleging that the proposed defendants violated his constitutional right to send confidential correspondence to his attorney. To the extent Plaintiff seeks to proceed against private parties, Plaintiff has not cited any authority to support a recovery under federal law against a private person or entity based on the facts alleged. Indeed, even when a constitutional right is at stake, the Supreme Court has not recognized implied damages actions against private corporations under contract with the Bureau of Prisons. *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001). *See also Stoutt v. Banco Popular de Puerto Rico*, 320 F.3d 26, 33 (1st Cir. 2003) ("The Supreme Court has already limited *Bivens* actions by refusing to extend them to private entities acting under color of federal law.").

To the extent Plaintiff seeks to proceed against the United States based on his inclusion of the Bureau of Prisons among the named defendants, while this Court has subject matter jurisdiction over certain claims against the United States, 28 U.S.C. § 1346, Plaintiff's claim is based on the conduct of Volunteers for America and its agent, Mr. Ripley, and not the conduct of the Bureau of Prisons. In other words, Plaintiff has not asserted any facts that would support a claim against the Bureau of Prisons. Given the

absence of a federal claim or an actionable claim against the United States, the Court does not have subject matter jurisdiction over the claim.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915(e)(2)(B), I recommend the Court dismiss Plaintiff's complaint.[3]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of March, 2017.

---

[3] If the Court adopts the recommendation, Plaintiff's motion to compel (ECF No. 5), and motion for leave (ECF No. 6) would be moot.